■ In the Matter of the Estate of GUSSIE KAUFMAN, Deceased. MURRAY KAUFMAN, et al., Respondents; JACOB KAUFMAN, Intervenor-Appellant.—Order, Surrogate's Court, Bronx County (Lee Holzman, S.), entered on September 5, 1989, which denied the motion by intervenor *pro se* Jacob Kaufman seeking vacatur of a decree of the same court (Bertram Gelfand, S.), entered on June 27, 1983, admitting the will of decedent Gussie Kaufman to probate, unanimously affirmed, without costs.

Gussie Kaufman bequeathed her entire estate, in equal shares, to her four children as distributees. The will was admitted to probate on June 27, 1983. Intervenor Kaufman seeks to reopen that probate decree on the ground that the conservator of the decedent's daughter, Esther Kaufman, provided inadequate representation by failing to submit an affida-

vit as to the absence of a conflict of interest between himself and his ward as required by SCPA 402 (1).

Upon examination of the record, we find that the Surrogate correctly concluded that the conservator's failure to file the aforementioned affidavit pursuant to SCPA 402 (1), while a technical defect, did not rise to the level of a jurisdictional defect mandating vacatur of the probate decree. The conservator, Hyman Kaufman, who was neither a nominated fiduciary nor a beneficiary under the propounded instrument, clearly had no conflict of interest in the underlying probate proceeding. Moreover, the Special Referee appointed to review the conservator's accounting on behalf of the decedent's daughter, Esther Kaufman, made no objections to the distribution on her behalf from the estate of decedent Gussie Kaufman.

In any event, the intervenor himself admittedly neither objected to the probate of the will nor to the distribution obtained on behalf of Esther Kaufman by the conservator. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.